IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-02519-SKC-NRN

INTEGRITY SOLUTIONS, LTD.,

    Plaintiff,

v.

MCS CONSULTING, INC.,
ENERGY SYSTEMS CONSULTING, LLC,
MAKERS SOLUTIONS, LLC,
GEO-PRIME, LLC, companies,
MEAGAN CUMBERLAND,
JOEL LINDSTROM,
KYLE MADER, individuals

    Defendants.

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDERS (DKTS. 29 & 45)**

The above-referenced Objections to Magistrate Judge N. Reid Neureiter's November 6 and 26, 2024 non-dispositive orders (Dkts. 24 and 37, respectively) are before the Court. Plaintiff filed a Response only to the Objection to Judge Neureiter's November 26 order. Dkt. 52. Because Judge Neureiter's November 26 order is neither clearly erroneous nor contrary to law, the Objection is overruled. The Objection to his November 6 order is overruled as moot because the Scheduling Conference Defendants sought to vacate has already occurred.

1

## BACKGROUND

Defendants have clogged the docket with their efforts to avoid discovery out of paranoia of waiving their jurisdictional defenses through their conduct. They can rest assured that they've adequately preserved those defenses and the record reflects no waiver. *See, e.g., Healthbookplus Holdings Inc. v. Jardine*, No. 1:23-CV-00927-SKC-JPO, 2024 WL 4227659, at *4 (D. Colo. Sept. 18, 2024) (defendant properly preserved defense of lack of personal jurisdiction by asserting it in his answer followed by his timely motion to dismiss on that basis).

As is apparent from the record, Defendants have quintupled their requests to put off discovery. First, on November 5, 2024, they filed a motion to vacate the Scheduling Conference. Dkt. 22. In that motion, they sought to vacate the Scheduling Conference and stay any discovery until "after Rule 12 motion practice has been completed and the Defendants have filed their responsive pleading—[because doing so] preserves the resources of the parties to propose a meaningful and comprehensive Scheduling Order and furthers the objective of judicial economy." *Id.* at p.4. After this Court's referral of the motion to vacate to Judge Neureiter, he denied that motion by Minute Order on November 6, 2024. Dkt. 24.

Next, the parties attended the Scheduling Conference on November 14. Dkts. 27, 28. At the conference, Defendants again objected to proceeding with discovery while their motions challenging personal jurisdiction were pending. Dkt. 29, p.4 ("During the conference, Defendants again raised their objections and concerns about

2

subjecting the PJ defendants to litigation deadlines and discovery obligations and argued for adoption of their proposed case schedule. In response, the Court noted that Defendants' 'point is heard and rejected . . . .'"). Over Defendants' objection, Judge Neureiter entered a Scheduling Order imposing a discovery schedule and related limitations. Dkt. 28.

Third, on November 19—five days *after* the Scheduling Conference—Defendants filed their Objection to Judge Neureiter's November 6 order. This Objection, currently before the Court, argues there is a risk of waiving a personal jurisdiction defense by participating in discovery absent a stay. *See generally* Dkt. 29.

Fourth, on November 22, Defendants filed an "emergency" motion to stay pending a ruling on their motions to dismiss. Dkt. 35. After this Court's referral of the motion to stay to Judge Neureiter, he construed the motion as a motion for reconsideration, finding: "Now—three days after filing the objection to the prior orders—Defendants have filed this supposed 'emergency' motion repeating the same arguments and asking for the same relief that previously has been twice considered and rejected (at least by this Magistrate Judge). This is in effect a motion for reconsideration." Dkt. 37, p.3. Judge Neureiter then analyzed the motion under the three grounds for reconsideration from *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), and he denied the motion. Despite construing the motion as one seeking reconsideration, he also weighed the discretionary *String Cheese Incident* factors in deciding whether a stay was warranted. Dkt. 37, p.5; *see String Cheese*

3

*Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PA, 2006 WL 894955, (D. Colo. March 30, 2006).

For their fifth bite at the apple, Defendants have now objected to Judge Neureiter's November 26 order. Dkt. 45. They argue Judge Neureiter's construction of their motion to stay as a motion for reconsideration is contrary to law warranting de novo review, and Judge Neureiter's "failure to undertake a comprehensive *String Cheese* analysis was clearly erroneous," as was his assumption that "this case is likely to proceed in some venue." *Id.* at pp.5-6, 8.

## STANDARD OF REVIEW

Upon a timely objection, a district judge may modify or set aside a magistrate judge's order on a non-dispositive matter to the extent the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard requires affirmance unless the district judge is left with the "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). This is a high bar. *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024). It leaves no room for modifying or setting aside a magistrate judge's non-dispositive order simply because the district judge might have ruled differently in deciding the matter in the first instance. *Id.*

## ANALYSIS

The Court overrules the Objection to Judge Neureiter's November 6 order as moot. Defendants' original Opposed Motion to Vacate Scheduling Conference, filed November 5, sought to vacate the November 14 Scheduling Conference. Dkt. 22, p.22 ("WHEREFORE, for the reasons stated herein, Defendants respectfully request that the November 14, 2024, scheduling conference and all related deadlines be vacated and reset for a later date and time of the Court's choosing."). Exercising his discretion, Judge Neureiter denied this request and the parties attended the Scheduling Conference. Dkts. 24, 27, 28. Defendants filed their Objection five days *after* the Scheduling Conference, on November 19. As a result, the relief sought by Defendants' original motion—vacatur of the Scheduling Conference—is moot.

Concerning Defendants' Objection to the November 26 order, first, their argument that it was contrary to law to construe their motion stay as a motion for reconsideration misapprehends the law. Trial courts are given wide latitude to control their dockets and execute the business of the court. *See Jones v. Azar*, 772 F. App'x 692, 699 (10th Cir. 2019) ("[W]e will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business[.]" (cleaned up)); *Hunt v. Just in Time Cargo, Inc.*, No. 1:18-CV-1077-KG-JFR, 2022 WL 35826, at *5 (D.N.M. Jan. 4, 2022) ("[E]xercising its discretion to control its docket and dismiss duplicative complaints, this Court dismisses the *Schmidt* case in its entirety."). This includes the construction of motions as the court deems appropriate. *See Sturm v. Weber*, No. 21-

5

CV-0684-WJM-GPG, 2022 WL 2176287, at *1 (D. Colo. June 16, 2022) (construing defendants' motion as a motion under Rule 12(b)(6)); *United States v. Pearson*, No. 6:97-CR-010026-JTM-1, 2018 WL 5436459, at *1 (D. Kan. Oct. 25, 2018) (construing defendant's motion as a motion for reconsideration of a non-dispositive order under the court's local rules); *Zone Five, LLC v. Textron Aviation, Inc.*, No. 20-1059-DDC-BGS, 2023 WL 5672253, at *2 (D. Kan. Sept. 1, 2023) (construing plaintiff's motion as a motion to amend).

Judge Neureiter's exercise of discretion to construe Defendants' motion as a motion for reconsideration was hardly contrary to law. And Defendants cite no authority suggesting otherwise. It was instead an appropriate exercise of his discretion particularly where, as here, the motion to stay was materially redundant of Defendants' three prior stay requests rejected by Judge Neureiter. Dkt. 37, p.2 ("Defendants have *three times before* made this same plea.").

Because Judge Neureiter properly exercised his discretion to construe Defendants' motion as a motion for reconsideration, he likewise committed no error (clear or otherwise) in his analysis of the *String Cheese Incident* factors since those factors do not pertain to a motion for reconsideration. This includes his assumption that this case is "likely to proceed in some venue" because that assumption was part of his analysis of the inapplicable *String Cheese Incident* factors. *Id.* at p.5.

In construing Defendants' motion as a motion for reconsideration, Judge Neureiter correctly applied the factors from *Servants of Paraclete* in denying the

6

motion. His application of those factors was not contrary to law and his findings in evaluating those factors were not clearly erroneous.

\* \* \*

For the reasons shared above, the Court finds nothing in the Objection at Dkt. 45 meets Defendants' high burden of demonstrating Judge Neureiter's non-dispositive order at Dkt. 37 is clearly erroneous or contrary to law. The Objection has not left this Court with a definite and firm conviction that a mistake was made. The Objection at Dkt. 45 is OVERRULED. And the Objection at Dkt. 29 is OVERRULED as MOOT.

DATED: April 23, 2025

BY THE COURT:

S. Kato Crews
United States District Judge